UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

[ON REMOVAL FROM IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CASE NO.17-002536 CA 01]

ROGELIO CASTILLO,

    Plaintiff,

vs.

LARA'S TRUCKING, INC, ALL LOGISTICS
GROUP, INC., d/b/a Lara's Trucking &
Logistics, Inc.

    Defendants.
_____/

## **PETITION FOR REMOVAL**

Defendants, LARA'S TRUCKING, INC. and ALL LOGISTICS GROUP, INC., d/b/a Lara's Trucking & Logistics, Inc., by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, hereby remove this action currently pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

    1.    On or about February 1, 2017, Plaintiff filed his Complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida entitled *Rogelio Castillo vs. Lara's Trucking, Inc., et al*, Case No. 17-002536 CA 01 (hereinafter referred to as "State Action"). A true and correct copy of all documents that were filed in the State action are attached hereto as Exhibit A, and are incorporated herein by reference pursuant to Rule 10(c), Federal

Rules of Civil Procedure.

2.  A copy of the Complaint and Summons was sent to the undersigned counsel on February 12, 2017. The undersigned accepted service on behalf of the Defendants on February 13, 2017. This constituted Defendant's first legal notice of the State action for purposes of removal.

3.  The Complaint seeks damages for retaliatory discharge under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

4.  This is a civil action over which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FLSA, laws of the United States.

5.  Under federal question jurisdiction, the United States district courts "have original jurisdiction over all civil actions arising under federal law." *See* 28 U.S.C. § 1331. Any civil case filed in state court may be removed by defendants to federal court if the case could have been brought originally in federal court. *See Ayers v. Gen. Motors Corp.,* 234 F.3d 514, 517 (11th Cir. 2000); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1966). Furthermore, under 28 U.S.C. § 1441(c), where a removable claim or cause of action is joined with one or more otherwise non-removable claims for causes of action, "the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)". *See also* 28 U.S.C. § 1367; *Vitola v. Paramount Automated Food Services, Inc.,* 2009 WL 3242011, at *5 (S.D. Fla. Oct. 6, 2009) (court has supplemental jurisdiction over state law minimum wage claim in FLSA action).

6.  For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

7. This petition for removal is filed within thirty (30) days after the date on which the Defendant first received notice of the Circuit Court action. *See* 28 U.S.C. § 1446(b).

8. Defendant has, simultaneously with the filing of this Notice, giving written notice of the filing of this notice to Plaintiff as required by 28 U.S.C. § 1446(d).

9. A copy of this Notice has been simultaneously filed with the Clerk of the Circuit Court in and for Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d).

10. Plaintiff's Complaint alleges a claim for retaliatory discharge pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 201-219 et seq. This Court may exercise supplemental jurisdiction over Plaintiff's pendent state law claim as it arises out of the same facts and circumstances as Plaintiff's federal claim. *See* 28 U.S.C. § 1367(a).

WHEREFORE, Defendants, LARA'S TRUCKING, INC, ALL LOGISTICS GROUP, INC., d/b/a Lara's Trucking & Logistics, Inc. hereby removes this case to the United States District Court for the Southern District of Florida.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Electronic Filing generated by CM/ECF, to Jason S. Remer, Esq., of Remer & Georges- Pierre, PLLC, 44 West Flagler Street, Suite 2200 Miami, Florida 33130, on this 22nd day of February, 2017.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: *s/Edilberto O. Marban*
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960